NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BERNARD HAFFEN and THEODORE E. HIGGINBOTHAM | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civil Action 2:10-cv-02833 (DMC)(JAD) |
| BUTLER SPECIALTIES, INC., BUTLERBUILT MOTOR SPORTS EQUIPMENT, BUTLERBUILT PROFESSIONAL SEATING SYSTEMS, and BUTLER RACING PRODUCTS | : : : : : | |
| Defendants | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon motion by Butler Specialties, Inc., et al ("Defendants") to dismiss the complaint by Bernard Haffen and Theodore E. Higginbotham ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(2)(3). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of all parties, it is the decision of this Court that Defendants' motion is **granted**.

I.   BACKGROUND

Plaintiffs aver that they invented a system for delivery of refrigerated air from a refrigerated box to the driver's seat of a race car vehicle ("the Haffen technology"), and filed an application for a patent on their system. Defendant is a manufacturer of automotive parts for race cars. In 2002, Plaintiff contacted Defendant in North Carolina to discuss the possibility of

manufacturing and distributing the Haffen technology. The parties executed a confidentiality agreement. Plaintiff alleges that subsequent to that agreement, and unbeknownst to him, Defendants filed a provisional patent application which incorporated material aspects of the Haffen technology. Plaintiff made several trips to Defendant's location over the course of several months to assist in the development of a workable product with Defendant's technicians. In February, 2004 Defendant notified Plaintiff by letter that they were not interested in producing the Haffen technology. Nonetheless, the parties stayed in touch, and in April, 2004 they executed a provisional contract which provided for an initial sum and continuing royalties to be paid to Plaintiff in the event that Defendant were ever to make use of the Haffen technology. Plaintiff alleges that Defendant has continued attempts to secure its own patent for the proprietary Haffen technology, and that this breaches both the provisional contract and confidentiality agreement. Plaintiff filed a consumer complaint in North Carolina on a related matter, and now brings this cause of action alleging fraud, conversion, breach of an express contract, breach of a contract implied in law, appropriation of trade secrets, and a demand for accounting.

Defendant has raised a challenge to the personal jurisdiction of this Court pursuant to Fed. R. Civ. P. 12(b)(2)(3) which is the subject of the instant motion.

## II.     LEGAL STANDARD

Chief Judge Brown of this District recently summarized the parameters of personal jurisdiction in *JAK Marketing, LLC v. Anoop Aggarwal* L 666107, 1 -2 (D.N.J.,)2011, writing that "pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, a federal district court has personal jurisdiction over a non-resident to the extent authorized by the law of the forum state in

which the district court sits. *A.V. Imps. v. Col de Fratta, S.p.A.,* 171 F.Supp.2d 369, 370 (D.N.J.2001). New Jersey's long-arm statute allows this Court to assert personal jurisdiction over a non-resident defendant to the fullest limits of due process. *Decker v. Circus Circus Hotel,* 49 F.Supp.2d 743, 745-46 (D.N.J.1999) (citing *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 145 (3d Cir.1992)). The requirements of the Due Process Clause can only be satisfied by a showing that: (1) the defendant has certain minimum contacts with the forum such that; (2) the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Verotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.,* 75 F.3d 147, 150-51 (3d Cir.1996) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The plaintiff bears the burden of presenting a prima facie case for the court's exercise of personal jurisdiction by demonstrating 'with reasonable particularity sufficient contacts between the defendant and the forum state.' " *Mellon Bank (East) PSFS, Nat'l Assoc. v. Farino,* 960 F.2d 1217, 1223 (3d. Cir.1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.,* 819 F.2d 434 (3d Cir.1987); *see also Carteret Sav.,* 954 F.2d at 145-46.

     A court may exercise either general or specific personal jurisdiction. Specific jurisdiction is attained when the controversy is related to or "arises out of" a defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Otherwise, if the suit does not arise out of or relate to the defendant's contacts with the forum state, the Court may exercise general jurisdiction if such contacts with the forum constitute "continuous and systematic general business contacts." *Id.* at 415-16.

Minimum contacts exist then only if the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

In providing evidence of minimum contacts for the purpose of establishing general jurisdiction, the plaintiff bears the rigorous burden of showing that the defendant has substantial, continuous and systematic contacts with the forum state which are central to the defendant's business. *Osteotech, Inc. v. Gensci Regeneration Sci., Inc.,* 6 F.Supp.2d 349, 353 (D.N.J.1998) (citing *Helicopteros,* 466 U.S. at 414-16). Plaintiffs must show significantly more than bare minimum contacts with the forum state, and must establish general jurisdiction through an assertion of extensive and pervasive facts. *Reliance Steel Prods. Co. v. Waston, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir.1982). The court generally assesses "the nature and quality of business contacts the defendant has initiated with the forum: direct sales in the forum, maintenance of a sales force in the state, advertising targeted at the residents of the forum state, and the derivation of a significant slice of revenue from activity within the state." *Allied Leather Corp. v. Altama Delta Corp.,* 785 F.Supp. 494, 498 (M.D.Pa.1992). The court also considers whether the defendant "owns any property within the forum state, is incorporated there, has a registered agent for service of process, owns stock or pays taxes in the forum state." *Peek v. Golden Nugget Hotel & Casino,* 806 F.Supp. 555, 558 (E.D.Pa.1992).

"Once challenged, a plaintiff bears the burden of establishing personal jurisdiction." *Pro Sports Inc. v. West,* 639 F.Supp.2d 475, 478 (D.N.J.2009) ( citing *General Elec. Co. v. Deutz AG,*

270 F.3d 144, 150 (3d Cir.2001) (finding the plaintiff must demonstrate "[a] nexus between defendant, the forum, and the litigation.")). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Krishanthi v. Rajarantnam,* No. 09-5395(DMC), 2010 WL 3429529 (D.N.J. Aug,. 26, 2010) (citations omitted) (quoting *Ameripay, LLC v. Ameripay Payroll, Ltd.,* 334 F.Supp.2d 629, 633 (D.N.J.2004)). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004); *See also Carteret Say. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir.1992). "If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." 4 Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1067.6 (3d ed.2002).

### III.   DISCUSSION

    A.   <u>General Jurisdiction</u>

Plaintiff points to *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987) , in which the Third Circuit held that general jurisdiction over the defendant existed in the forum, despite the small quantity of business defendant performed in the state, because the contacts defendant had with the forum were daily, continuous and part of the

"bread and butter" of defendant's business. Plaintiff asserts this case is analogous, and that Defendant engages in activity in New Jersey which is sufficient to meet the standard of substantial, continuous and systematic contacts that give rise to minimum contacts. However, Plaintiffs fail to meet their burden, as described in *Reliance Steel Prods. Co. v. Waston, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir.1982), to show "significantly more than bare minimum contacts with the forum state, and must establish general jurisdiction through an assertion of *extensive and pervasive facts*." (emphasis added) Plaintiff directs the Court to Defendant's web site, and the web site of an Illinois distributor of automotive products, as well as to various other documents that purport to show the "national character" of Plaintiff's products, and the "international reach of the Butlerbuilt organization." (Plaintiff's Response in Opposition to Defendant's Motion, ECF Doc. 12, page ID 131). None of these, even taken together, and in the light most favorable to Plaintiff, approach the necessary contacts that would confer personal jurisdiction in New Jersey. While the operation of a website may, in appropriate circumstances, be sufficient, that is not the case here, especially in light of Defendant's affidavit, submitted by their general manager, that the Illinois distributor does not buy directly from Butler, and that the Butler website is such that "a visitor to the Butler website cannot order Butler products on-line." (Declaration of Gary Plattenberger, ECF Doc. 15, Page ID #170). Moreover, the evidence submitted does not rise to the level that Courts have defined as "'something more' required beyond the posting of a passive website to demonstrate that Defendants have purposely availed themselves of New Jersey courts." *Cellco Partnership v. Dealers Warranty, LLC* 2010 WL 3767312, 5 (D.N.J.) (D.N.J.,2010).  The contacts as described in Plaintiff's own papers are much like those held to be insufficient by the Third Circuit in *Toys "R" Us, Inc. v. Step Two, S.A.*

318 F.3d 446, 454 -455 (C.A.3 (N.J.),2003) which "appear[ed] to be the kind of 'fortuitous,' 'random,' and 'attenuated' contacts that the Supreme Court has held insufficient to warrant the exercise of jurisdiction. *See Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. 2174 (citations omitted).

As recently summarized in our district, in *Roscoe v. P.O.W. Network* 2010 WL 3906793, 3 (D.N.J.) (D.N.J.,2010), "whether a state may exercise personal jurisdiction over an out-of-state defendant website owner depends on 'the nature and quality of commercial activity that the entity conducts over the Internet.' *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 453 (3d Cir.2003); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997). The Third Circuit employs the *Zippo* sliding scale to assess the 'nature and quality' of the commercial activity a company conducts over the Internet. *Spuglio v. Cabaret Lounge,* 344 Fed. App'x 724, 725 (3d Cir.2009). At one end of the scale lies an 'active' defendant who 'clearly does business over the Internet.' *Zippo,* 952 F.Supp. at 1124. The exercise of personal jurisdiction over 'active' defendants is proper. *Id.* At the other end of the scale are defendants who 'simply post [ ] information on an Internet Web site [that] is accessible to users in foreign jurisdictions.' *Id.* These 'passive' users "do[ ] little more than make information available to those who are interested in it." *Id.* It is improper to exercise personal jurisdiction over 'passive' defendants. *Id.* In the middle are 'interactive' websites which enable a user to 'exchange information with [a] host computer .' *Id.* When assessing "interactive" sites, the "exercise of jurisdiction is determined by examining the level of interactivity and [the] commercial nature of the exchange of information that occurs on the Web site.'" *Id.* Moreover, the Court continues that active websites "enable viewers to purchase merchandise." That is simply not the case in the instant

case.

    B.    <u>Specific Jurisdiction</u>

As recently summarized in this District in *Cellco Partnership v. Dealers Warranty, LLC* 2010 WL 3767312, 7 (D.N.J.) (D.N.J.,2010), "courts undertake a three-part inquiry in assessing whether there is specific jurisdiction. *D'Jamoos v. Pilatus Aircraft LTD.,* 566 F.3d at 102. As the Third Circuit has explained, first, the defendant must have 'purposefully direct [its] activities' at the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted). Second, the litigation must 'arise out of or relate to' at least one of those activities. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. at 1872; *O'Connor,* 496 F.3d at 317. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with 'fair play and substantial justice.' *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184 (quoting *[International Shoe v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945)) ]." As was explained in *Koczkodon v. Grand Versailles, LLC* 2010 WL 3656037, 1 (E.D.Pa.) (E.D.Pa.,2010), "specific personal jurisdiction exists when a defendant has purposely directed his activities at the forum state *and* the claim arises from or relates to that conduct." (emphasis added).Much like the Plaintiff in the instant case, the Plaintiff in *Koczkodon* "points to contacts that she argues constitute purposeful availment of the forum, including the defendants' website." But much like the Plaintiff in *Koczdokon*, "[s]he has failed to demonstrate that her claim in any way arises from or relates to those contacts with the forum." Plaintiff's contention that he unilaterally signed the

9

contract in New Jersey is unavailing. Here, where it is clear from the outset that the conduct of which Plaintiff complains did not take place in New Jersey, the only potential issue is whether the injury Plaintiff sustained as a result of Defendant's allegedly tortuous conduct is sufficient to confer personal jurisdiction over these Defendants in New Jersey. Although Plaintiffs asserts five causes of action in their complaint, the gravaman of Plaintiff's contention is that Defendant breached a contract. In that context, the Court looks to the Third Circuit's holding in *General Elec. Co. v. Deutz AG* 270 F.3d 144, 150 (C.A.3 (Pa.),2001), in which the Court wrote "questions of specific jurisdiction are properly tied to the particular claims asserted. In contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach. *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.,* 196 F.3d 284, 289 (1st Cir.1999). Parties who 'reach out beyond [their] state and create continuing relationships and obligations with citizens of another state' are subject to the regulations of their activity in that undertaking." *Burger King*, 471 U.S. at 473, 105 S.Ct. 2174 (quotations omitted). Here, the contract that may or may not have been formed came about as the result of Plaintiff's reaching out to Defendant in North Carolina, and not of Defendant's purposeful availment of Plaintiff's forum. In fact, Plaintiff's location appears to have been of no moment whatsoever to Defendant. The only aspect of the contractual relationship that is tied to New Jersey is the trifling fact that Plaintiff signed it in New Jersey. Although Plaintiff does not reference the *Calder* effects test,  Plaintiff has failed to allege facts that were sufficient to establish a framework for jurisdiction based upon that test as enunciated by the Supreme Court. In order to maintain such a claim, the plaintiff must show that "(1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum ...; [and] (3) The

defendant expressly aimed his tortious conduct at the forum." *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 265-66 (3d Cir.1998). Although Plaintiff's alleged injury occurred in New Jersey because that is where he was domiciled at the time of the alleged breach, there is no indication that Defendant expressly aimed his tortious conduct at New Jersey. If Plaintiff were to pick up and move to Alaska, even if he carried his injury with him, Alaska would not be able to exercise personal jurisdiction over Defendant. Plaintiff's location, without more, does not mean that he and the injury he suffered as a result of the alleged breach have merged into one, or that the conduct was aimed at the forum rather than at the individual who happened to reside there. The locus of the individual who suffered the breach does not provide grounds on which this Court may find personal jurisdiction over Defendant.

Plaintiff's argument that this Court has personal jurisdiction over Defendant because of a "stream of commerce" theory is misplaced and unavailing. "Courts have relied on the stream-of-commerce theory to find a basis for personal jurisdiction over a non-resident defendant, often a manufacturer or distributor, which has injected its goods into the forum state indirectly via the so-called 'stream of commerce.' " *D'Jamoos v. Pilatus Aircraft Ltd.,* 566 F.3d at 104-05 (quoting *Pennzoil Prods. Co. v. Colelli & Assocs.,* 149 F.3d at 203; *Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 298-300 (3d Cir.1985)). However, " 'the mere foreseeability that a product one sells may end up in the forum state' does not render the seller amenable to suit in the forum state." *Pennzoil Prods.,* 149 F.3d at 203 (quoting *Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 279 (3d Cir.1994)). To find jurisdiction on this basis, requires a finding of "some act by which the defendant purposely avail[ed] itself of the privilege of conducting business within the forum State, thus invoking the protection and benefits of its laws." *Id.* (quoting *Hanson v. Denckla,* 357

U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). Had this law suit arisen out of a product Defendant sold in New Jersey, this Court might hold differently, but since the cause of action did not arise from the placement of Defendant's products in the stream of commerce, that theory is simply inapplicable. It is neither enough to establish minimum contacts, nor is it enough to establish the crucial second prong of the analysis, that the litigation must arise out of Defendant's forum activity. The Court accepts that Defendant's products are available and have been used in New Jersey, but since this litigation did not arise out of those products, it's simply not relevant.

## IV.  CONCLUSION

For the foregoing reasons, it is the decision of this Court that Defendants' motion to dismiss pursuant to Civ. R. of P. 12(b)(2)(3) is **granted.** An appropriate Order follows this Opinion.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:  March 3, 2011
cc:    Hon. Joseph A. Dickson, U.S.M.J.
       Counsel of Record